Filed 1/2/24  P. v. Gutierrez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EMILIO GUTIERREZ,<br><br>    Defendant and Appellant. | F085577<br><br>(Super. Ct. No. MCR072468)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Sosi Chitakian Vogt, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Defendant Emilio Gutierrez was found guilty by a jury of two counts of second degree burglary and was found to have suffered a prior "strike" conviction within the

---

[*]     Before Hill, P. J., Smith, J. and Snauffer, J.

meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12,

subds. (a)–(d)).[1] Defendant was sentenced to five years four months in prison.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende*

(1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether

there were any arguable issues on appeal. Defendant was afforded an opportunity to

submit a supplemental brief but failed to do so in the time allotted. We have conducted

an independent review of the record and find no error. We affirm.

## PROCEDURAL BACKGROUND

On May 5, 2022, the Madera County District Attorney filed a second amended

information charging defendant with two counts of second degree burglary (§ 459;

counts 1 & 2) and possession of a device for smoking controlled substances (Health &

Saf. Code, § 11364, subd. (a); count 3). As to counts 1 and 2, the second amended

information further alleged that defendant had suffered a prior "strike" conviction within

the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and

alleged six aggravating factors—(1) defendant was convicted of other crimes for which

consecutive sentences could have been imposed but for which concurrent sentences are

being imposed (Cal. Rules of Court, rule 4.421(a)(7));[2] (2) defendant took property of

great monetary value (rule 4.421(a)(9)); (3) defendant's prior convictions as an adult or

sustained petitions in juvenile delinquency proceedings are numerous or of increasing

seriousness (rule 4.421(b)(2)); (4) defendant served a prior term in prison or county jail

under section 1170, subdivision (h) (rule 4.421(b)(3)); (5) defendant was on probation,

supervision, or parole at the time the crime was committed (rule 4.421(b)(4)); and

(6) defendant's prior performance on probation, supervision, or parole was unsatisfactory

(rule 4.421(b)(5)).

---

[1]   All further statutory references are to the Penal Code unless otherwise stated.

[2]   All further rules references are to the California Rules of Court.

On August 2, 2022, the trial court denied defendant's request to dismiss the prior strike conviction allegation pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Defendant contended he did not fall within the spirit of the Three Strikes law because his early life and upbringing were "marked by chaos and negative influences" which caused him to use illicit drugs. Since that time, he made attempts to avoid drugs and find steady employment. He contended that his present offenses were the result of a relapse into drug use. The court explained that defendant had a lengthy criminal history, including recent felony offenses and violations of probation. Despite having been "given numerous opportunities" it appeared that defendant had not turned his life around. Further, the court considered the safety of the community and noted that, with one exception, the only time he was not committing offenses was when he was in custody. For those reasons, the court refused to strike defendant's prior strike conviction.

On September 8, 2022, a jury found defendant guilty on count 3, but was unable to reach a verdict on counts 1 and 2. On the same date, the trial court declared a mistrial as to counts 1 and 2.

On December 7, 2022, a different jury found defendant guilty on counts 1 and 2. Defendant waived his right to a jury trial on the prior strike conviction allegation and the aggravating factors allegations. On December 8, 2022, the trial court found true the prior strike allegation and the aggravating factors that defendant had suffered prior convictions that were numerous or of increasing seriousness (rule 4.421(b)(2)) and that defendant had served a term in prison or county jail pursuant to section 1170, subdivision (h) (rule 4.421(b)(3)). The court found not true the remaining aggravating factors.

On January 9, 2023, the trial court sentenced defendant to five years four months in prison as follows: on count 1, four years (the middle term of two years doubled due to

3

the prior strike conviction); on count 2, 16 months (one-third of the middle term),[3] consecutive to the term on count 1; and on count 3, the court imposed no sentence.

On January 10, 2023, defendant filed a notice of appeal.

**FACTUAL BACKGROUND**

**A. The First Trial—Defendant Convicted on Count 3**

In the early morning hours of November 7, 2021, an automotive dealership and a nearby cellular phone store were burglarized. Madera Police Officer Jaron McAlister reviewed security camera footage from the cellular phone store. Madera Police Officer Blake Short obtained security camera footage from the automotive dealership. In both security camera videos, the suspect was wearing the same clothing. Short put out a description of the suspect to fellow law enforcement officers.

On November 17, 2021, at approximately 12:40 p.m., Madera Police Officer Priscilla Ramirez was on duty when she saw defendant "less than a mile" from the automotive dealership and cellular phone store. He matched the description of the suspect in the burglaries so Ramirez stopped him. Ramirez discovered that defendant had a glass smoking pipe on his person that contained residue. Ramirez believed that the residue indicated the pipe had been used to "ingest" methamphetamine.

**B. The Second Trial—Defendant Convicted on Counts 1 and 2**

On November 7, 2021, at approximately 12:45 a.m., Mike O. was on shift as a private security guard for a company that provided security services at an automotive dealership in Madera. When Mike arrived at the parts and service office of the

---

**3** The trial court indicated that it was imposing "the mitigated term to run consecutive, pursuant to … [s]ection 1170.1[, subdivision] (a)" and deemed it to be the subordinate term. However, section 1170.1, subdivision (a) requires that subordinate terms be imposed at one-third of the middle term. Further, the court noted that the total term was five years four months which is consistent with it having correctly imposed one-third of the middle term and the abstract of judgment and the sentencing minute order reflect that the court imposed one-third of the middle term on count 2.

4

automotive dealership, he discovered an open window. There were no people around and Mike called the police. A Madera police officer responded and saw no sign of forced entry or anything obviously missing from the automotive dealership.

A cellular phone store was located across the street from the automotive dealership. On November 7, 2021, McAlister responded to a burglary call from the cellular phone store. When he arrived, he saw that the front glass door was shattered and there was a rock on the floor inside the store. He documented the items that were reported stolen and obtained a copy of the security camera footage.

Arnie M. worked at the automotive dealership. On November 8, 2021, he noticed that his phone had been stolen from his desk during the burglary. He reported the phone theft to his boss. The phone was later recovered by law enforcement and Arnie provided officers the security pin to unlock the phone. Law enforcement returned the phone to Arnie. He knew the phone was his because he was able to unlock it with his security pin.

Short was assigned to investigate the burglaries. He obtained security camera footage from the automotive dealership. He took still photos from the video footage from the automotive dealership and sent the photos and videos to other officers, explaining that they depicted a suspect in the burglaries.

On November 16, 2021, Ramirez received security camera videos depicting a suspect. While on duty the following day, she saw defendant, who matched the depiction of the burglary suspect. She detained defendant. She located a glass smoking pipe of the kind that is often used to smoke methamphetamine on his person. She sent a photograph of defendant to Short and transported defendant to the Madera Police Department.

Short interviewed defendant after he was taken into custody. In that interview, defendant acknowledged that he was in the automotive dealership parking lot and that he had a cellular phone that had been taken in his backpack. The backpack was with his friend Jeanie near a shoe store. Defendant also acknowledged taking other items,

5

including electronics, and trading them for money and "dope," meaning narcotics or drugs.

After Short interviewed defendant, he directed another officer to find Jeanie near the shoe store. When the officer found Jeanie and the backpack, he turned it over to Short. Short entered the security pin for Arnie's phone, unlocking the phone. None of the other items taken from the cellular phone store or the automotive dealership were recovered.

## **DISCUSSION**

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## **DISPOSITION**

The judgment is affirmed.